UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MAGDIELA GONZALEZ and RITA BONGIOVI, :
*individually and on behalf of all others similarly situated*, :
: 20-CV-888 (JMF)
Plaintiffs, :
: MEMORANDUM OPINION
-v- : AND ORDER
:
GOJO INDUSTRIES, INC., :
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 17, 2020, Defendant GOJO Industries, Inc. ("GOJO") filed a motion to transfer this case, involving consumer protection claims against the manufacturer of Purell hand sanitizing products, to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 30 ("Def.'s Mem."), at 1-2. When considering a transfer motion, the Court must first determine whether venue is proper in the transferee district, and if it is, decide whether convenience and the interests of justice favor transfer. *See, e.g.*, *Sadat v. State Univ. of N.Y. Upstate Med. Univ.*, No. 19-CV-5053 (JMF), 2019 WL 4511555, at *1 (S.D.N.Y. Sept. 19, 2019); *see also e.g.*, *Albert Fadem Tr. v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (listing nine non-exhaustive factors to consider under the transfer standard). Here, there is no dispute that venue would be proper in the Northern District of Ohio, where Defendant is based and the products at issue are manufactured and labeled. *See* Def.'s Mem. 7-8; *see also* ECF No. 36, at 2, 7 (acknowledging that GOJO is an Ohio corporation and "conced[ing] that the main locus of operative facts," including marketing, labeling, and sale decisions occurred in the Northern District of Ohio). Thus, GOJO's motion turns on whether it

shows by "clear and convincing evidence" that convenience and the interests of justice favor transfer. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

Upon consideration of the parties' motion papers and the relevant factors, the Court concludes that GOJO carries its heavy burden. GOJO makes a strong case for transfer based on, among other things, the fact that the principal witnesses (including some third-party witnesses) and the locus of operative facts are in the Northern District of Ohio. *See* Def.'s Mem. 9-11, 14-15. But the case for transfer is overwhelming in light of an order, entered yesterday, transferring a lawsuit brought by the same counsel and raising analogous claims (under California law) from the Central District of California to the Northern District of Ohio. *See Aleisa v. GOJO Indus., Inc.*, No. 20-CV-1045, ECF No. 55, at 5 (C.D. Cal. Oct. 20, 2020). In light of that Order, and the fact that the two lawsuits can be consolidated only if this case were transferred to the Northern District of Ohio as well, the Court concludes that transfer pursuant to Section 1404(a) is plainly warranted. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. Turtur*, 743 F. Supp. 260, 263-64 (S.D.N.Y. 1990) ("[A]s a general proposition, cases should be transferred to the district where related actions are pending." (internal quotation marks omitted)); *Berg v. First Am. Bankshares, Inc.*, 576 F. Supp. 1239, 1244 (S.D.N.Y. 1983) (transferring and noting that "[e]ven if it were improbable that the two cases would be consolidated upon transfer . . . the fact that they are intimately related remains a strong reason for transfer").

The Clerk of Court is directed to terminate ECF No. 29, to transfer this case to the Northern District of Ohio, and to close the case in this District.

SO ORDERED.

Dated: October 21, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge